## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| In Re:<br><br>RODNEY ALLEN GIBSON and<br>DEBORA MINERVA GIBSON,<br><br>　　　　*Debtors.*<br><br>―――――――――――――――<br><br>MARY IDA TOWNSON<br>United States Trustee for Region 21,<br><br>　　　　*Movant,*<br><br>v.<br><br>STEPHANIE K. SHEPPARD and<br>RECOVERY LAW GROUP, APC,<br><br>　　　　*Respondents* | Chapter 7<br><br>Case No. 21-40749-EJC |

### MOTION TO RECONSIDER ORDER GRANTING MOTION FOR SANCTIONS

COMES NOW, Stephanie K. Sheppard (hereinafter "Sheppard") and Recovery Law Group, APC (hereinafter "RLG") through attorney Stephanie K. Sheppard, Esq., who appears on behalf of Sheppard and on behalf of RLG (hereinafter together referred to as "Movants") only for the purpose of the filing of this Motion and until the Court transcripts become available, and submits this Motion to Reconsider the Order Granting Motion for Sanctions pursuant to Federal Rules of Civil Procedure Rule 59(e), as follows:

### BACKGROUND

1. On February 17, 2023, the U.S. Trustee filed a Motion for Sanctions against both Sheppard and RLG. (*See,* Doc. No. 35).

2. In its Motion for Sanctions, the U.S. Trustee alleged **(1)** Sheppard failed to adequately disclose her relationship with RLG in the filed Official Form B2030 and **(2)** Sheppard falsely stated in the filed Official Form B2030, she had not agreed "to share the above-disclosed compensation" in this case, which she listed as $1,500.00, "with any other person" outside of "members or associates" of her firm.

3. After hearing oral argument on April 11, 2023, from both the U.S. Trustee's staff attorney and from Sheppard, the Court took the matter under advisement.

4. On August 15, 2023, the Court issued its Order Granting Motion for Sanctions (*See,* Doc. No. 49).

5. In its Order the Court found **(1)** Movants violated the disclosure requirements of § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, **(2)** Movants made false statements in violation of § 707(b)(4)(C) of the Bankruptcy Code and Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure, **(3)** the retainer agreement between the Debtors and the RLG was void and unenforceable under §§ 528(a)(1) and 526(c) of the Bankruptcy Code, **(4)** Movants engaged in unauthorized fee-sharing in violation of § 504(a) of the Bankruptcy Code; and **(5)** RLG engaged in the unauthorized practice of law in violation of O.C.G.A. §15-19-51(a) and Rule 5.5(a) of the Georgia Rules of Professional Conduct.

## ARGUMENT

1. Movants respectfully argue they did not violate any of the provisions as cited in the Court's sanction Order.

2. Regarding finding number **(1)**, Movants violated the disclosure requirements of § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Movants respectfully contend, the Court did not properly construe the employment agreement between Sheppard and RLG[1]. There never was any fee-sharing and therefore there was no fee-sharing agreement to disclose, as Sheppard was employed by RLG.

    a. § 504(b)(1) of the Bankruptcy Code states:

    > "A member, partner, or regular associate in a professional association, corporation or partnership may share compensation or reimbursement received under § 503(b)(2) or § 503(b)(4) of this title with another member, partner or regular associate in such association, corporation, or partnership and may share in any compensation or reimbursement received under such sections by another member, partner, or regular associate in such association, corporation, or partnership." 11 U.S.C. § 504(b)(1).

    b. Sheppard was paid as per her contract, regardless of the amount paid by the debtor to the law firm. The Employment Agreement, which the court has already reviewed, contains no provision for any sharing of fees between Sheppard and RLG in any capacity other than her performance of duties, solely as an employee of the Movant.

    c. Sheppard never acted as an outside or independent agent, but as an employee of the Movant.

3. Sheppard signed the pleading as per her ECF signature and as allowed by the ECF NextGen system. No one other than Sheppard filed the case. No one other than Sheppard filed any documents in the case or signed any pleadings using her

---

[1] Already provided to the Court.

name. At the April 11, 2023 hearing, Sheppard recollects the Debtor, Deborah Minerva Gibson, as having testified she always understood RLG was the law firm she retained and her case would be filed and handled by an admitted and licensed Georgia attorney employed by RLG[2].

4. Sheppard was employed by RLG as its admitted and licensed attorney to represent its bankruptcy clients and to file their cases in various bankruptcy courts throughout the state of Georgia and including the Southern District of Georgia.

5. § 329(a) of the Code states,

> "Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."

6. Debtors paid RLG for is services within one year of the filing of the case. Sheppard was employed by RLG at the time of the filing of the case. Movants filed their Disclosure of Compensation statement on November 14, 2021 with the initial filing of the petition and schedules. (See Court Docket entry No. 1, document number 64.)

7. Movants complied with, and did not violate, the disclosure requirements of § 329(a).

8. Federal Rule of Bankruptcy Procedure 2016(b) (Disclosure of compensation paid or promised to attorney for debtor) states,

> "Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee

---

[2] Movants requested a copy of the transcript of the April 11, 2023 hearing, but were advised by the Clerk of the Court, the transcript was sealed and unavailable for Movants to review prior to the deadline required for the filing of this Motion. The Clerk further advised the transcript would become available after September 12, 2023. The Clerk could not provide any specific redaction reason as to why the transcript had been sealed or why it would become available only after September 12, 2023.

> within 14 days after the order for relief, or at another time as the court may direct, the statement required by §329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed."

9. Rule 2016(b) specifically carves out the requirement of submitting Sheppard's employment agreement with RLG as she was at all times relevant "… a member or regular associate of the attorneys law firm." *Id.* In this case, RLG.

10. Thus, no violation of Rule 2016(b) occurred.

11. Regarding finding **(2),** Movants made false statements in violation of § 707(b)(4)(C) of the Bankruptcy Code and Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure, Movants respectfully contend no violation of either occurred.

12. §707(b)(4)(C) states,

> "The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has (i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and (ii) determined that the petition, pleading, or written motion (I) is well grounded in fact; and (II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1)."

13. Prior to the case being filed, Sheppard met with the clients and went over in great detail the aspects, particulars and consequences of filing a bankruptcy case. Sheppard reviewed the prepared petition and schedules, amended any inaccuracies or mistakes, and filed the case herself.

14. Evidence that Sheppard's good faith assessments of the petition filed, are clearly demonstrated by the fact the Debtors received discharges from the court in April 2022.

15. Therefore, in accordance with the text of § 707(b)(4)(C), the Movant "performed a reasonable investigation into the circumstances that gave rise to the petition [and] determined that the petition, pleading, or written motion was well-grounded in fact."

16. Additionally, per the language of Rule 9011(b)(3), the Movant ensured that "the allegations and other factual contentions have evidentiary support." Such a proclamation is also supported by the fact award Orders of Discharge to both Debtors in the case.

17. Thus, neither Sheppard, nor RLG, made false statements in violation of either § 707(b)(4)(C) or Rule 9011(b)(3).

18. With regard to finding **(3),** the retainer agreement between the Debtors and the RLG was void and unenforceable under §§ 528(a)(1) and 526(c) of the Bankruptcy Code, RLG contends the retainer agreement between RLG and the Debtors clearly and conspicuously provides the nature of the services it will provide and the fees that will be charged.

19. § 528(a)(1) states,

> "A debt relief agency shall not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously, **(A)** the services such agency will provide to such assisted person; and **(B)** the fees or charges for such services, and the terms of payment."

20. The contract[3] provides the nature of the services to be provided to the debtors as bankruptcy counsel and includes the required §§ 342 (b), 527(a), 527(b) and 521 disclosures and notices.

21. Paragraphs 3,4,8, and 9 specifically detail the flat fee attorney fees and costs and whatever other possible fees could be charged.[4]

22. Movants contend the underlying contract agreement between the Debtors and RLG fully complies with the provisions § 528(a)(1). Thus, as there is no violation of § 528(a)(1), § 526(c) is irrelevant.

23. Regarding finding **(4),** Movants engaged in unauthorized fee-sharing in violation of § 504(a) of the Bankruptcy Code, Movants contend Sheppard was an associate employed by RLG, thus there was no violation of § 504(a).

24. § 504(b)(1) explicitly states,

> "A member, partner, or regular associate in a professional association, corporation or partnership may share compensation or reimbursement received under § 503(b)(2) or § 503(b)(4) of this title with another member, partner or regular associate in such association, corporation, or partnership and may share in any compensation or reimbursement received under such sections by another member, partner, or regular associate in such association, corporation, or partnership."

Sheppard was at all times duly employed by RLG and acting as an attorney of the firm in representing the Debtors. Thus, there was no prohibitive fee sharing and no violation of § 504(a).

25. With regards to finding **(5),** RLG engaged in the unauthorized practice of law in violation of O.C.G.A. §15-19-51(a) and Rule 5.5(a) of the Georgia Rules of

---

[3] Already provided to the Court.
[4] The Debtors paid the flat fee attorney fee amount of $1,500 and the court filing fee amount of $338.00. No additional fees and costs were ever charged to the Debtors.

Professional Conduct, RLG contends it at no time engaged in the unauthorized practice of law or acted in violation of any Georgia Rule of Professional Conduct.

26. Shappard is a duly licensed attorney in the state of Georgia and at all times in question, was employed by RLG.

27. Sheppard filed the bankruptcy case as attorney of record for the Debtors. The case was filed after Sheppard had conferred with and reviewed the petition and schedules at length with the Debtors. Sheppard explained the differences between Chapter 7 and Chapter 13, explained the differences between secured and unsecured debts, and explained the exemptions available under both Georgia State and Federal Law.

28. Bankruptcy Law is Federal Law codified under the Title 11 of the United States Code. RLG is a national bankruptcy law firm who specifically employs only experienced bankruptcy attorneys admitted to Federal Jurisdictions and are specifically engaged in the practice of Bankruptcy Law.

29. RLG is not a "petition preparer".

30. The physical act of putting the numbers and facts of the case into the forms of the bankruptcy petition and schedules were prepared by trained bankruptcy professionals and acting paralegals as with any other law firm engaging in bankruptcy practice. Nothing was ever filed without Sheppard's review and approval and only after her meetings with the Debtors. Sheppard filed the documents in the case and competently managed the case as the Debtors received their discharge from this Court on April 27 and April 29, 2022, respectively.

31. Finally, even if this Court were not to reconsider any of the points made above, Movants asks this Court to review the sanction amount awarded as it is unjust and

inequitable. The sanction award holds the Movants jointly liable to return the $1,838.00 paid by the Debtors. Neither RLG, nor Sheppard, were paid $1,838.00 by the Debtors.

32. The reasonable attorney's fees received by RLG from the Debtors was $1,500.00; $338.00 was the filing fee, as per the Court Bankruptcy fee schedule for filing a Chapter 7 case in the Southern District of Georgia. Sheppard received no fees directly from the Debtors and was paid as an employee of RLG as per her employment contract. The filing fee was not retained by RLG or Sheppard.

33. Further, Movants request this Court to reconsider the Sanctions Order as a whole. The Debtors received the benefit of their bargain as presented in their Retainer Agreement with RLG. Both debtors were awarded discharge orders for their unsecured debts. The debtors suffered no harm, in any manner or in any way. The debtors have been enriched by the bankruptcy services provided to them by the Movants.

WHEREFORE, Movants respectfully request this Court issue an Order setting aside the Order Granting Motion for Sanctions.

Executed this 25th day of August 2023.

/s/ Stephanie K. Sheppard

Stephanie K. Sheppard
(Ga. Bar No. 851079)
For Movants
2727 Paces Ferry Road SE

Building One, Suite 750
Atlanta, GA 30339
(404) 503-9188 (phone)
(866) 286-8433 (fax)
stephanie@sheppardlegal.net

**UNITED STATES BANKRUPTCY COURT**

SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. : 21-40749-EJC |
| | : | |
| RODNEY ALLEN GIBSON, | : | CHAPTER 7 |
| DEBORA MINERVA GIBSON, | : | |
| | : | |
| Debtors. | : | |
| | : | |

### CERTIFICATE OF SERVICE

  I hereby certify that I am over the age of 18 and that on August 25, 2023, I electronically filed the foregoing ***Motion To Reconsider Order Granting Motion For Sanctions*** (Doc 51) using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing system:

**Wendy A. Owens**
**Chapter 7 Trustee**
**trustee@coastalempirelaw.com, GA64@ecfcbis.com**

**Office of the U. S. Trustee**
**Ustpregion21.sv.ecf@usdoj.gov**

This 25th day of August, 2023.

/s/ *Stephanie K. Sheppard*
Stephanie K. Sheppard, Esq.
Georgia Bar Number: 851079
For Movants

2727 Paces Ferry Road SE
Building One, Suite 750
Atlanta, Georgia 30339
(404) 503-9188 (office)